## J. C. CALHOUN, ETC., *v.* CITY OF PADUCAH.

**Interest—Calculation.**

A party cannot be heard to complain of the manner of calculation of interest, where he is required to pay a less sum than he owes.

**Principal and Surety—Extent of Liability of surety.**

It was held that sureties cannot be made liable in a larger amount than the principal.

APPEAL FROM McCRACKEN CIRCUIT COURT.

February 18, 1873.

OPINION BY JUDGE PRYOR:

In the absence of any allegation of fraud or mistake, or evidence of the existence of either, the settlement by Traimun, the treasurer, with the city auditor must be conclusive between the parties to this action.

There had passed into the hands of Traimun, according to this report, near forty-nine thousand dollars, and upon a final settlement of the accounts of the city with its treasurer there was a balance due and unpaid of $2,643.24.  A judgment by default was rendered against Traimun for this amount, and his sureties, the appellants, making defense to the action, the case lingered upon the docket for upwards of two years.  Several amended pleadings were filed during the progress of the litigation, and some of them with a view of enlarging the liability of the appellants, but whether or not these amendments should have been permitted are questions rendered im—

material for the reason that the rights of the appellants have not been prejudiced by this action on the part of the court in any way. That the treasurer was indebted in the amount of the judgment by default against him there can be no doubt, and this sum, with the interest accruing up to the date of the judgment against the appellants, would exceed the amount then found due by the jury.

The judgment against Traimun was rendered for $2,643.24 on the 16th of October, 1868, and the judgment against appellants, his sureties, on the 4th of April, 1871, for $2,835.35.

There are no instructions made part of the record, and the jury, in making their verdict, may have calculated interest upon the judgment against Traimun or the amount found due by the auditor up to the date of their verdict.

The principal and interest from the 16th of October, 1868, to the 4th of April, 1871, on the amount of the first judgment would make · $3,032, deducting from this the value of the principal of the verdict against appellants' sureties. But whether this was the mode of calculation or not, the appellants can not complain when they are required to pay a less sum than they owe.

The aomunts collected between the date of the bond and the time of the treasurer's election or appointment have not been indicated in the settlements as the reports and statement of the auditor both show, and if the jury included the value of the principal in this estimate it as error against the appellees as the proof conduces to show that it was the desire of the young lady to own it, that kept off bidders and not the action of the mayor, and if sold in any other part of the city than where it was the result no doubt would have been the same.

We are inclined to concur with the counsel for the appellants that the sureties can not be made liable for a larger amount than the principal, but in this case the question can not arise, as the judgment against them is for a less sum when you calculate the interest that accrued during the litigation by the sureties with reference to this liability than the amount of the judgment against Traimun.

The judgment is *affirmed.*

*James, for appellants.*

*Williams, for appellees.*